IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WINSTON L. SPENCE JR.,**

        Plaintiff,

v.                                              CIVIL ACTION NO. 3:22-cv-135
                                                    (GROH)

**DEPUTY SHERIFF J.A. SWARTZ,**
**SHERIFF CURTIS KELLER,**
**BERKELEY COUNTY COMMISSION,**
**MIKAELA D. TORBERT,**
**KATE B. HARDING,**
**CATIE WILKES-DELLIGATTI,**

        Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is pro se Plaintiff Winston L. Spence Jr.'s Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). The undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** and **RECOMMENDS** that Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED** as moot.

---

[1] On August 15, 2022, this Court, by the Honorable Gina M. Groh, United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge.

## II.    THE COMPLAINT

On August 10, 2022, Plaintiff filed a Complaint against Defendants Berkeley County Commission, J.A. Swartz in his individual capacity and official capacity as a deputy sheriff of the Berkeley County Sheriff Department, Curtis Keller in his individual capacity and official capacity as the former Sheriff of the Berkeley County Sheriff Department, Catie Wilkes-Delligatti in her individual capacity and official capacity as Prosecuting Attorney for the Berkeley County Prosecuting Attorney's Office, and Mikaela D. Torbert and Kate B. Harding in their individual capacities and official capacities as Assistant Prosecuting Attorneys for the Berkeley County Prosecuting Attorney's Office. ECF No. 1. Plaintiff brings eight[2] federal causes of action against Defendants under 42 U.S.C. § 1983 and alleges that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Id. at 2, 11-22.

In the first four Counts, Plaintiff asserts claims against Defendant Swartz for False Arrest (Count One), Unreasonable Search (Count Two), Excessive Force (Count Three), and Malicious Prosecution (Count Four), all in violation of the Fourth Amendment. ECF No. 1 at 11-17. Under Count Five, Plaintiff brings a claim of Supervisory Liability against Defendant Keller for Negligent Hiring, Supervisory, and Training Practices. Id. at 17-18. Plaintiff asserts Municipal Liability under the Monell Doctrine in Count Six against Defendant Berkeley County Commission. Id. at 18-19. For Count Seven, Plaintiff brings a claim of Malicious Prosecution in violation of the

---

[2] In his Complaint, Plaintiff asserts various causes of action against the named Defendants in Counts One through Eight. Plaintiff then asserts his claimed resulting damages in what he labels Count Nine and his claims for attorney fees in what he labels Count Ten.

Fourth Amendment against Defendants Torbert and Harding.[3] Id. at 19-21. And lastly, under Count Eight, Plaintiff asserts a Supervisory Liability claim against Defendant Wilkes-Delligatti for Negligent Hiring, Supervisory, and Training Practices. Id. at 21-22. Plaintiff requests compensatory damages in the amount of $3,000,000 and punitive damages in the amount of $10,000,000 against all Defendants. Id. at 23-24. Finally, he seeks attorney fees for the alleged violations of his protected rights. Id. at 23.

According to Plaintiff, these claims arose from an unlawful arrest in May of 2019. Plaintiff entered Valley Storage on foot in Martinsburg, West Virginia at approximately 9:51 PM on May 2, 2019. ECF No. 1 at 4. Plaintiff was a tenant of Valley Storage and had a unique gate code to access the storage facility, which is open from 6:00 AM to 10:00 PM. Id. Plaintiff alleges that use of a vehicle is not required to enter the facility and that throughout the Plaintiff's tenancy, he has never driven a vehicle into the facility. Id. Upon entering the access gate on foot, Plaintiff proceeded to storage unit 65, unlocked the door and stepped inside. Id. at 4-5. When Plaintiff was done using the unit, he locked it up with a padlock and proceeded to the facility exit with his backpack and shopping bag. Id. at 5.

As Plaintiff approached the exit, he noticed a stationary law enforcement vehicle. ECF No. 1 at 5. Defendant Swartz, a deputy sheriff, exited his vehicle and walked up to Plaintiff, who at this point was about ten to twelve yards from the facility exit. Id. Defendant Swartz asked Plaintiff, "did you walk or drive in here?" Id. Plaintiff responded, "I walked." Id. Defendant Swartz continued the line of questioning, asking "how did you get in here?" Id. Plaintiff pointed to the nearby security gate and

---

[3] Plaintiff also attempts to assert a claim of Conspiracy to Violate Plaintiff's Fourth Amendment Rights in Count Seven against Defendants Torbert and Harding. ECF No. 1 at 19-21.

responded, "through the gate." Id. Defendant Swartz then asked, "do you have a storage unit here?" Id. Plaintiff responded, "yes," and Defendant Swartz followed with "which one?" Id. Plaintiff answered "65." Id. After several seconds of silence, Plaintiff asked "what's with all the questions?" Id. Defendant Swartz responded in a sarcastic tone, "You can't see why I'm asking you these questions?" Id. Plaintiff answered "No, I can't." Id. Another several seconds of silence passed and then Plaintiff asked, "Are we done?" Id. Defendant Swartz then asked where Plaintiff lived, and Plaintiff refused to answer. Id. at 5-6.

The conversation escalated further when Defendant Swartz demanded that Plaintiff hand over his identification. ECF No. 1 at 6. Plaintiff replied, "I am not giving you my ID," to which Defendant Swartz responded, "give me your ID or I am going to arrest you." Id. Plaintiff stated, "I am exercising my rights and I choose not to identify myself." Id. Defendant Swartz then grabbed Plaintiff's arms, pulled them behind his back and placed handcuffs on the Plaintiff's wrists. Id. Defendant Swartz searched the Plaintiff's person, pockets, shopping bag and backpack, and then placed Plaintiff into the backseat of the patrol vehicle. Id.

The next morning, May 3, 2019, Plaintiff was provided the Criminal Complaint filed against him minutes before his arraignment, which first notified Plaintiff that he had been charged with a criminal misdemeanor: Obstructing Officer in violation of West Virginia Code § 61-5-17(a). ECF No. 1 at 6. Plaintiff contends that the Criminal Complaint contained false statements and potentially false information made by Defendant Swartz. Id. Plaintiff alleges that Defendant Swartz knowingly and deliberately stated a series of untrue statements and rearranged the sequence of true

4

events in the Criminal Complaint to portray himself in a better light and give the appearance that probable cause existed to justify the warrantless arrest. Id.

According to the Complaint, Plaintiff was on bail following a prior arrest on September 5, 2018, where he was charged with Obstructing Officer in violation of § 61-5-17(a) for refusing to identify himself to law enforcement. ECF No. 1 at 6-8. Then, liberally construing Plaintiff's allegations, it would seem the May 2019 arrest ultimately led to an arrest warrant for the revocation of his bail on July 9, 2019, based on a motion to revoke bond filed by Defendant Torbert. Id. This act came within hours of a suppression hearing as a result of a motion to dismiss filed by Plaintiff related to his September 5, 2018, arrest. Id. Defendant Harding represented the State at the suppression hearing. Id. On July 22, 2019, the arrest warrant was executed, and Plaintiff was taken to the Eastern Regional Jail. Id. at 8. On July 24, 2019, Plaintiff had a bond revocation hearing and the magistrate denied the reinstatement of bail. Id. at 8-10. It appears that the September 5, 2018, obstruction charge was dismissed on July 30, 2019,[4] and Plaintiff was released from the Eastern Regional Jail after eight days in custody. Id. at 11. Then, over a year later on August 10, 2020, the State moved for the dismissal of the May 2, 2019, obstructing officer charge, which was granted by the court. Id.

### III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of

---

[4] While Plaintiff does not explicitly state the date of his first dismissal as July 30, the undersigned was able to discern it based on his allegations that he was brought to the Eastern Regional Jail on July 22, 2019, and that he had spent eight days in custody before the charge was dismissed and he was released. ECF No. 1 at 8, 11.

5

fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Id. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court").

6

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.     DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived him of rights guaranteed by the Constitution or federal law. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). To be sued under § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions." Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017) (internal quotations omitted).

Plaintiff brings eight causes of action under § 1983 against the state actor Defendants. First, Plaintiff asserts five Fourth Amendment-based claims for False Arrest (Count One), Unreasonable Search (Count Two), Excessive Force (Count Three), and Malicious Prosecution (Counts Four and Seven) against Defendants Swartz, Torbert, and Harding. ECF No. 1 at 11-17, 19-21. Second, Plaintiff asserts two claims of Supervisory Liability (Counts Five and Eight) against Defendants Keller and Wilkes-Delligatti for Negligent Hiring, Supervisory, and Training Practices. Id. at 17-18, 21-22. Lastly, Plaintiff asserts Municipal Liability under the Monell Doctrine in Count Six against Defendant Berkeley County Commission. Id. at 18-19. The undersigned will address each in turn.

### A.     Fourth Amendment Claims

The applicable West Virginia statute of limitations bars Plaintiff's untimely Fourth Amendment claims against Defendants Swartz, Torbert, and Harding. When reviewing a complaint filed *in forma pauperis*, the court may *sua sponte* dismiss an action on statute of limitations grounds if such a defense plainly appears on the face of the

complaint. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006). As the Fourth Circuit notes in Owens v. Baltimore City State's Att'ys Off., "Section 1983 does not contain a statute of limitations." Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014). Thus, "to determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action." Id. Although the limitation period is borrowed from state law, the question of when a cause of action accrues is answered according to federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007); McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019).

1. **False Arrest**

Under West Virginia law, the tort of false arrest falls under a one-year statute of limitations. See Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 170, 506 S.E.2d 608, 613 (1998) (citing W. Va. Code § 55–2–12(c)); Canterbury v. Laird, 221 W.Va. 453, 456, 655 S.E.2d 199, 202 (2007); Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter, 238 W.Va. 375, 390, 795 S.E.2d 530, 545 (2016). Federal courts in West Virginia have applied the one-year statute of limitations to § 1983 actions that assert false arrest in violation of the Fourth Amendment. See Camastro v. W. Virginia Alcohol Beverage Control Comm'n, 2014 WL 6612915, at *5 (N.D.W. Va. Nov. 20, 2014); Alderman v. Price, 2012 WL 12906283, at *6 (N.D.W. Va. Dec. 14, 2012); Hamlet v. W. Virginia, 2009 WL 261450, at *3 (S.D.W. Va. Feb. 3, 2009); Seabolt v. Saltsgaver, 2016 WL 675702, at *4 (S.D.W. Va. Jan. 4, 2016); Azeez v. Keller, 2012 WL 13098039, at *7 (S.D.W. Va. Apr. 6, 2012); Coss v. Blatt, 2019 WL 357979, at *3 (S.D.W. Va. Jan. 29, 2019).

The § 1983 claim of false arrest addresses seizures that occur before "legal process." Wallace, 549 U.S. at 388-390. The statute of limitations for a § 1983 false

arrest claim begins to run at the time the claimant becomes detained pursuant to legal process. Id. at 384. Put another way, damages for a false arrest claim cover the time from the warrantless arrest up until the issuance of legal process or arraignment. Id. at 390.

In this case, Petitioner's false arrest claim accrued when he appeared before the examining magistrate for his arraignment on May 3, 2019. See Wallace, 549 U.S. at 389, 391; ECF No. 1 at 6. Since more than one year elapsed between the accrual date of May 3, 2019, and the filing of this suit, it is obvious the Plaintiff's false arrest claim is time barred. Accordingly, Count One of Plaintiff's Complaint, which asserts False Arrest in violation of the Fourth Amendment against Defendant Swartz, should be dismissed with prejudice.

### 2. Malicious Prosecution

Under West Virginia law, the tort of malicious prosecution falls under a one-year statute of limitations. See Wilt, 203 W.Va. at 170, 506 S.E.2d at 613 (citing W. Va. Code § 55–2–12(c)); Nutter, 238 W.Va. at 390, 795 S.E.2d at 545; Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 594, 244 S.E.2d 321, 325 (1978). Federal courts in West Virginia have applied the one-year statute of limitations to § 1983 actions that assert malicious prosecution in violation of the Fourth Amendment. See Hamlet, 2009 WL 261450, at *3; Azeez, 2012 WL 13098039, at *7; Young v. Lacy, 2020 WL 4251798, at *4 (S.D.W. Va. July 24, 2020).

The claim of malicious prosecution applies to any detention after the "wrongful institution of legal process." Wallace, 549 U.S. at 390. A § 1983 claim for malicious prosecution accrues when the prosecution has terminated in Plaintiff's favor.

McDonough, 139 S. Ct. at 2156, 2160; Hamlet, 2009 WL 261450, at *3; Azeez, 2012 WL 13098039, at *7.

Plaintiff alleges that the May 2019 obstructing officer charge was dismissed on August 10, 2020. Applying the West Virginia one-year statute of limitations together with the federal standard of accrual, the undersigned finds that Plaintiff's malicious prosecution claim expired on August 10, 2021, one-year from the date that the obstructing officer charge was dismissed. Given Plaintiff's Complaint was filed in August of 2022, the one-year statute of limitations has run, and Plaintiff's malicious prosecution claim is time barred. Accordingly, Count Four of Plaintiff's Complaint, which asserts Malicious Prosecution in violation of the Fourth Amendment against Defendant Swartz, should be dismissed with prejudice. Likewise, Count Seven, which asserts another claim of Malicious Prosecution against Defendants Torbert and Harding, should be dismissed with prejudice.[5]

### 3. Unreasonable Search

The statute of limitations period for a § 1983 claim based on an unconstitutional search in violation of the Fourth Amendment is two years and accrues at the time of the illegal search. Smith v. Travelpiece, 31 F.4th 878, 883, 887 (4th Cir. 2022); Castapheny

---

[5] To the extent that Plaintiff also attempts to assert a claim of Conspiracy to Violate Plaintiff's Fourth Amendment Rights in Count Seven, it too is time barred. Under West Virginia law, "[t]he statute of limitation in a civil conspiracy is determined by the nature of the underlying conduct on which the claim for conspiracy is based." Camastro, 2014 WL 6612915, at *5 (quoting Dunn v. Rockwell, 225 W.Va. 43, 47, 689 S.E.2d 255, 259 (2009)). In this case, the underlying action is malicious prosecution because the alleged conduct of the conspiracy was related to the revocation of Plaintiff's pre-trial bond, which took place after the issuance of legal process (the arraignment) on May 3, 2019. Therefore, the one-year statute of limitations for malicious prosecution applies to Plaintiff's related conspiracy claim, which thus expired on August 10, 2021, a year after the prosecution terminated in Plaintiff's favor. See Grace v. Sparks, 2015 WL 7313420, at *6 (S.D.W. Va. Nov. 19, 2015) (noting conspiracy to effect malicious prosecution is subject to the one-year statute of limitations in West Virginia); Camastro, 2014 WL 6612915, at *5 (applying West Virginia's one-year false arrest statute of limitations to the plaintiff's conspiracy to commit Fourth Amendment violations claim when the underlying conduct was the false arrest). In sum, Count Seven is untimely and should be dismissed with prejudice.

v. W. Virginia State Police, 2010 WL 5480941, at *5 (S.D.W. Va. Oct. 26, 2010); Young, 2020 WL 4251798, at *4. In this case, Defendant Swartz performed the allegedly unreasonable search at Valley Storage on May 2, 2019. Plaintiff filed his Complaint well over two years later on August 10, 2022. Thus, Plaintiff's unreasonable search claim against Defendant Swartz in Count Two is time-barred by the statute of limitations and should be dismissed with prejudice.

### 4. Excessive Force

"West Virginia has a two-year statute of limitations for claims analogous to personal injury claims, including § 1983 claims alleging use of excessive force in violation of the Fourth Amendment." Seabolt, 2016 WL 675702, at *4-5 (finding that the plaintiff's excessive force claim accrued on the date that the alleged excessive force was applied by the defendant); Kanode v. W. Virginia, 2015 WL 9589729, at *4 (S.D.W. Va. Dec. 3, 2015) (holding that § 1983 excessive force claims are subject to the West Virginia two-year statute of limitations and accrue on the date excessive force was used).

Here, Plaintiff alleges that Defendant Swartz used excessive force during his arrest on May 2, 2019. Thus, with an accrual date of May 2, 2019, and the filing of the instant Complaint on August 10, 2022, more than two years have elapsed. Because the statute of limitations has run on Plaintiff's excessive force claim against Defendant Swartz, Count Three should be dismissed with prejudice.

### B. Supervisory and Municipal Liability Claims

Based on the above § 1983 claims, Plaintiff alleges claims of supervisory liability against Defendant Keller, the former Berkeley County Sheriff, and against Defendant

Wilkes-Delligatti, the Prosecuting Attorney for Berkeley County. Plaintiff also alleges a claim of municipal liability against the Berkeley County Commission under Monell v. Department of Social Services, 436 U.S. 658 (1978).

These claims require an underlying constitutional violation to proceed. Evans v. Chalmers, 703 F.3d 636, 654 (4th Cir. 2012). "[S]upervisors and municipalities cannot be liable under § 1983 without some predicate constitutional injury at the hands of the individual [state] officer, at least in suits for damages." Evans, 703 F.3d at 654 (quoting Waybright v. Frederick Cnty., 528 F.3d 199, 203 (4th Cir. 2008)). Because the undersigned holds that Plaintiff failed to timely state predicate § 1983 claims against the individual officer or prosecuting attorneys, the undersigned must also hold that Plaintiff failed to state supervisory liability and municipal liability claims. See Evans, 703 F.3d at 654. The undersigned thus recommends that Count Five (Supervisory Liability against Defendant Keller), Count Six (Municipal Liability against Defendant Berkeley County Commission), and Count Eight (Supervisory Liability against Defendant Wilkes-Delligatti) all be dismissed with prejudice.

### V.     RECOMMENDATION

For the foregoing reasons, the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** and **RECOMMENDS** that Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED** as moot.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: September 28, 2022

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE